IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERRI LIKE,

      PLAINTIFF,

      V.

CAPITAL ONE BANK (U.S.A.), N.A.,    CASE NO: 3:18-CV-00211-HLA-MCR
AND CAPITAL ONE AUTO FINANCE,
A DIVISION OF CAPITAL ONE, N.A.,

      DEFENDANTS.
_____/

## JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

Defendants Capital One Auto Finance, a division of Capital One, N.A. (COAF) and Capital One Bank (USA), N.A. (Capital One) and Plaintiff Terri Like ("Plaintiff") (collectively, the "Parties") jointly move this Court for entry of a Stipulated Protective Order to facilitate discovery in this case and to protect the disclosure of confidential and proprietary information and state as follows:

1. This case involves allegations by Plaintiff that Capital One and COAF violated the Telephone Consumer Protection Act ("TCPA").

2. The parties have since exchanged written discovery request in this matter.

3. This case appears to involve the production of documents and account records pertaining to non-party Capital One customers.

4. The Gramm-Leach Bliley Act, 15 U.S.C. § 6801, "imposes an affirmative obligation on financial institutions to respect, and secure the confidentiality of customers'

1

"nonpublic personal information." See 15 U.S.C. § 6801. "In pertinent part, the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, et seq. ("GLBA") provides that '[i]t is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.'" *Charles v. MoneyGram International*, No. 8:11-cv-636-T-33TBM, 2011 WL 2293222, at *1 n.1 (M.D. Fla. May 12, 2011)

5.  "The GLBA defines 'nonpublic personal information' as personally identifiable financial information '(i) provided by the consumer to a financial institution; (ii) resulting from any transaction with the consumer or any service performed for the consumer; or (iii) otherwise obtained by the financial institution.'" *Charles*, 2011 WL 2293222, at *1 n.1 (citing 15 U.S.C. §§ 6810(a); § 6809(4)(A).

6.  16 C.F.R. §313.3(o)(1) states that personally identifiable financial information means any information:

    (i)   A consumer provides to you to obtain a financial product or service from you;

    (ii)  About a consumer resulting from any transaction involving a financial product or service between you and a consumer; or

    (iii) You otherwise obtain about a consumer in connection with providing a financial product or service to that consumer.

16 C.F.R. § 313.3(o)(1).

7.  Because Capital One issues and services consumer credit accounts, Capital One may be considered a "financial institution" under the broad definition of that term in the Gramm-Leach-Bliley Act. *See* 15 U.S.C. § 6802(e)(8); 15 U.S.C. § 6809(3) & 12

2

U.S.C. 1843(k) (defining "financial institution" broadly to include companies engaged in activities "financial in nature or incidental to such financial activity.")

8. Stipulated protective orders are "commonplace in the federal courts." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001). Entering a stipulated protective order "replaces the need to litigate the claim to protection document by document, and postpones the necessary showing of 'good cause' required for entry of a protective order until the confidential designation is challenged." *Id.*

9. In determining whether a protective order should be entered, courts should balance the interests of the parties and non-parties in relation to disseminating discovery materials. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir. 1987).

10. The entry of a protective order is appropriate where the disclosure of confidential information of third parties is at issue. *See Chimeno-Buzzi v. HOLLISTER CO.*, 14-23120-CIV, 2015 WL 11233196, at *3 (S.D. Fla. 2015) (entering a protective order to protect the personal confidential information of third parties in a TCPA action involving a reassigned number).

11. The Parties believe a protective order is necessary in this instance to protect confidential personal information that may belong to non-parties and that is relevant to the Parties' claims and defenses. The protective order will also prevent the need for the parties to seek guidance from the Court on a document by document basis.

12. Having conferred on the matter, the Parties agree that documents or account records in this litigation pertaining to non-party Capital One customers, whether said production is made in response to a discovery request, subpoena, Court order in this action,

3

or informally in furtherance of settlement negotiations, should be deemed by the Court to fall within the exception set forth in 15 U.S.C. § 6802(e)(8) and should be subject to a Protective Order.

13. The proposed Stipulated Protective Order is attached hereto as **Exhibit A**.

## RULE 3.01(g) CERTIFICATION

Undersigned counsel has conferred with counsel for Plaintiff, who does not oppose the relief requested herein and who has authorized the undersigned to file the foregoing as a joint motion.

WHEREFORE, the parties jointly request that the Court enter the Stipulated Protective Order that will govern discovery in this case.

Respectfully Submitted this the 27th of August, 2018,

| | |
|---|---|
| /s/ Amy L. Bennecoff (with permission) | /s/ Megan P. Stephens |
| Amy L. Bennecoff Ginsburg | Megan P. Stephens |
| Rachel Stevens | FL Bar No. 92557 |
| KIMMEL & SILVERMAN, P.C. | Megan.Stephens@burr.com |
| 30 E. Butler Pike | BURR & FORMAN LLP |
| Ambler, PA 19002 | 420 N. 20th Street, Suite 3400 |
| aginsburg@creditlaw.com | Birmingham, AL 35203 |
| teamkimmel@creditlaw.com | Telephone: 205-251-3000 |
| rstevens@creditlaw.com | Facsimile: 205-714-6893 |
| | |
| Megan Leigh Lazenby | *Attorney for Defendants* |
| Lazenby Law LLC | |
| 4927 Southfork Dr | |
| Lakeland, FL 33813 | |
| Email: lazenbylaw@gmail.com | |

*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 27th day of August, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, through which the following will receive service of same:

Amy L. Bennecoff Ginsburg
Rachel Stevens
**KIMMEL & SILVERMAN, P.C.**
30 E. Butler Pike
Ambler, PA 19002
aginsburg@creditlaw.com
teamkimmel@creditlaw.com
rstevens@creditlaw.com


Megan Leigh Lazenby
Lazenby Law LLC
4927 Southfork Dr.
Lakeland, FL 33813
Telephone: 863-225-5667
Fax: 863-940-9970
Email: lazenbylaw@gmail.com

/s/ Megan P. Stephens
OF COUNSEL

5